IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY SHAROD JAMES-EL,            )
                                  )
            Plaintiff,             )
                                  )
     v.                            )       1:20CV517
                                  )
THE PEOPLE'S REPUBLIC OF CHINA, et al, )
                                  )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the People's Republic of China and its President, Xi Jinping, as defendants in the case, alleging that the corona virus known as COVID-19 originated or was created in China, that China failed to properly respond to the virus, and that it has now spread globally, including into the North Carolina prison system where Plaintiff is housed. Plaintiff states that he does not have the virus, but that he is at risk of contracting it from other inmates and correctional staff. Plaintiff alleges that China's failure to contain the virus violated his "Fundamental Right of Equal Protection of the Law," his right to be free from cruel and unusual punishment, his right to be secure in his person, and his "right of recognition everywhere as a Human before the law." Plaintiff seeks $800,000,000,000 in damages in both punitive and compensatory damages from each of the Defendants.

Plaintiff titles his filing as a "Human Rights Tort Claim" and states that it is not an action under 42 U.S.C. § 1983. Nevertheless, several of the claims he raises use language ordinarily related to claims under that statute. For that reason, but primarily for administrative purposes, the Court did open the case as one under § 1983. However, it makes no difference because the result of the case is the same regardless of its classification.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint

2

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff raises his claims against a foreign government and its president acting in his official capacity. As he freely admits in his Complaint, he cannot ordinarily sue a foreign government in the federal courts of the United States. However, he asserts that he can raise his claims in this instance by bringing them under 28 U.S.C. § 1605(a)(5) of the Sovereign Immunities Act based on an allegation that Defendants' failure to control the virus violated the Universal Declaration of Human Rights. He is incorrect. "[T]he Declaration does not of its own force impose obligations as a matter of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 735 (2004). It cannot be used to support a cause of action in federal court under the Sovereign Immunities Act or otherwise. See United States v. Chatman, 351 F. App'x 740, 741 (3d. Cir. 2009) (holding that the Declaration is "a non-binding declaration that provides

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

no private rights of action"); Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 719 (9th Cir. 1992) (holding that the Declaration did not support a claim under the Sovereign Immunities Act). Therefore, the Complaint fails to set out any viable claim for relief and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he pay the filing fee in this case. Plaintiff claims to have no funds available and, therefore, the Court will not order any make an initial payment of the filing fee, but will instead order that payments be taken from Plaintiff's prisoner trust account as funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 12th day of June, 2020.

_____
Joe L. Webster
United States Magistrate Judge

5